IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TROY D. BAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-16 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Troy D. Baylor, proceeding *pro se*, an inmate confined within the Bureau of Prisons ("BOP"), brings this lawsuit pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671, *et. seq.* (the "FTCA"), against the United States of America. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Defendant pursuant to Federal Rule of Civil Procedure 12(b)(1).

Factual Allegations

Plaintiff alleges that on the morning of November 30, 2016, he was attacked by an unknown fellow prisoner in the recreation area of the United States Penitentiary at Beaumont. Plaintiff states the attack lasted for 10-12 minutes and that during the entire attack no staff members were in the area. As a result of the attack, Plaintiff suffered a broken arm, broken fingers and puncture wounds. Plaintiff asserts prison officials acted improperly by leaving a common area unsupervised.

The Motion to Dismiss

Defendant seeks dismissal of this lawsuit for lack of subject-matter jurisdiction. The Motion to Dismiss asserts that Plaintiff's claim is barred by the discretionary function exception to the FTCA.

Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court has the authority to dismiss an action for lack of subject-matter jurisdiction based on: (1) the complaint alone, (2) the

complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

Analysis

As a general rule, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA provides a limited waiver of sovereign immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Courts must strictly construe waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Chapa v. U. S. Dep't of Just.*, 339 F.3d 388, 390 (5th Cir. 2003).

There is, however, a "discretionary function" exception to the waiver of immunity. The discretionary function exception provides that the waiver does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, even though a government employee's action may been actionable under state tort law, those actions were within the discretion committed to that employee under federal statute, regulation, or policy. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

The Supreme Court has developed a two-part test for determining whether agency conduct qualifies as a discretionary function or duty. *United States v. Gaubert*, 499 U.S. 315, 320-23 (1991). To satisfy the first prong of the test, the conduct must be discretionary in nature or a "matter of choice for the acting employee." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Moreover,

it is the "nature of the conduct, rather than the status of the actor," that determines whether the exception applies. *Gaubert*, 499 U.S. at 322 (citations omitted). "If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Spotts*, 613 F.3d at 567 (citing *Gaubert*, 499 U.S. at 329). However, the discretionary function does not apply if a federal statute, regulation or policy prescribes a course of action for an employee to follow because the employee has no rightful option but to follow the statute, regulation or policy. *Gaubert*, 499 U.S. at 322. A federal employee cannot be operating within his discretion if he is in fact violating a nondiscretionary policy. *Spotts*, 613 F.3d at 568.

Under the second prong of the test, the court "must still decide whether 'that judgment is of the kind that the discretionary function exception was designed to shield.'" *Spotts*, 613 F.3d at 568 (quoting *Gaubert*, 499 U.S. at 322-23 (citations omitted)). "Because the purpose of the exception is to 'prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort,' when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.'" *Gaubert*, 499 U.S. at 322-23 (citations omitted). Accordingly, "[w]hen established government policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324.

Title 18 U.S.C. § 4042(a), requires the BOP "to provide for the safekeeping, care, and subsistence of all federal prisoners, but does not indicate the manner in which the duties must be fulfilled." *Spotts*, 613 F.3d at 567. While Section 4042(a) "mandates that the BOP ensure the safekeeping of inmates, a prison's internal security is normally left to the discretion of prison administrators." *Huff v. Neal*, 555 F. App'x 289, 298 (5th Cir. 2014) (citing *Whitley v. Abers*, 475 U.S. 312, 321-22 (1986)). Neither Section 4042(a)'s mandate to protect prisoners nor the constitutional prohibition against cruel and unusual punishment defines a non-discretionary course

of action specific enough to render the discretionary function inapplicable. *Campillo v. U. S. Penitentiary Beaumont*, 203 F. App'x 555, 557 (5th Cir. 2006) (citations omitted). As a result, the BOP has discretion to determine how best to fulfill its duty to keep prisoners safe. *Huff*, 555 F. App'x at 298. The first prong of the two-part test is therefore satisfied.

As the duty to keep inmates safe is a discretionary one, the second prong of the two-pronged inquiry must be considered. Plaintiff complains that no staff were present in an common area when he was assaulted.

As stated above, statutory provisions vest the BOP with the task of providing for the protection of inmates in very general terms. Further, as these provisions do not mandate a specific, non-discretionary course of conduct, the BOP is left with "ample room for judgment." *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998). In considering the second prong of the two-prong test in this context, the United States Court of Appeals for the Fifth Circuit has stated:

> The management of large number of potentially dangerous individuals within a penal facility inevitably requires not only the exercise of discretion but decision-making within the context of various difficult policy choices. In many, if not most, instances where an inmate is unfortunately injured by another inmate, it will be possible to argue that a different exercise of discretion or a different policy choice might well have forestalled the injury. Nevertheless, decisions with regard to classification of prisoners . . . and allocation of guards and other correctional staff must be viewed as falling within the discretionary function exception to the FTCA, if penal institutions are to have the flexibility to operate. In this case, . . . the facts viewed in the light most favorable to the plaintiff exemplify the type of case Congress must have had in mind when it enacted the discretionary function exception.

*Santana-Rosa v. United States*, 335 F.3d 39, 44 (1st Cir. 2003). As a result, the second prong of the applicable standard is also satisfied.

As both prongs of the *Gaubert* test have been satisfied here, the discretionary function exception to the FTCA deprives this court of jurisdiction over Plaintiff's claims. The Motion to Dismiss should therefore be granted.

Recommendation

The Motion to Dismiss (doc. # 9) should be granted.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of fact, conclusions of law, and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggried party from the entitlement to *de novo* review by the district court of the proposed findings, conclusions, and recommendations, and from appellate review of factual findings and legal conclusions accepted by the district court except on ground of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 26th day of September, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE